**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 15-cv-01836-REB

DIMPSEY MARCUS MARTINEZ,

    Applicant,

v.

KENNETH DEAL, Acting United States Marshal,[1]

    Respondent.

## ORDER

**Blackburn, J.**

This matter is before the court on the **Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1][2] filed August 25, 2015. The respondent filed a response [#12]. I deny the application.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 2241 (habeas corpus).

### II. ANALYSIS

The applicant, Dimpsey Martinez, is in the physical custody of the Sheriff of the City and County of Denver. He is a pretrial detainee on criminal charges pending in

---

[1] John Kammerzell, United States Marshal, was named as the respondent in the application [#1]. Marshal Kammerzell has resigned his position as the United States Marshal for the District of Colorado. Kenneth Deal currently is the Acting United States Marshal for the District of Colorado. Under Fed. R. Civ. P. 25(d), when an officer named as a party in a pleading resigns, the successor to that officer automatically is substituted as a party. Therefore, Acting Marshall Deal is named as the respondent in the caption.

[2] "[#1]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

state court. At the request of the office of the United States Attorney for the District of Colorado, the United States Marshal for the District of Colorado placed a detainer against Mr. Martinez. In his application Mr. Martinez alleges that there is no case pending against him in the United States District Court for the District of Colorado. He contends the marshal does not have the authority to file a detainer against him unless there is a criminal case pending against him in federal court. In these circumstances, Mr. Martinez asserts, the detainer deprives him of liberty without due process of law, in violation of the Fifth Amendment to the Constitution of the United States, deprives him of his right to be informed of the nature and cause of a criminal accusation against him, in violation of the Sixth Amendment, and deprives him of his right to reasonable bail, in violation of the Eighth Amendment. Mr. Martinez asks that the marshal be required to certify the true cause of the detainer or to remove the detainer.

In his response, the marshal notes that a criminal case is pending against Mr. Martinez in this court, **US v. Martinez**, Criminal Action No. 15-cr-00280-RM. Given these circumstances, I find and conclude that the application filed by Mr. Martinez must be denied. First, the pending criminal case in federal court is a valid basis for the detainer. Nothing in the application or elsewhere in the record shows that Mr. Martinez is in custody in violation of the constitution or laws of the United States. *See* 28 U.S.C. § 2241(b)(3). Further, Mr. Martinez has been granted the relief he seeks, because he now is informed of the valid basis for the detainer against him.

The government argues also that the marshal is not a proper respondent in this case. This is true, the government asserts, because Mr. Martinez is not in the custody of the marshal. The analysis expressed above fully resolves the application of Mr. Martinez. Thus, a determination of whether the detainer lodged by the marshal against Mr. Martinez constitutes custody for the purpose of § 2241 is not necessary to a

resolution of this case.³

## III. IFP

Finally, I certify under 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith. Therefore, *in forma pauperis* status is denied for the purpose of appeal. **See Coppedge v. United States**, 369 U.S. 438 (1962). As a result, if the applicant files a notice of appeal he also must pay the full appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [#1] filed August 25, 2015, is denied;

2. That judgment shall enter in favor of the respondent, Kenneth Deal, Acting United States Marshal, and against the applicant, Dimpsey Marcus Martinez;

3. That leave to proceed *in forma pauperis* on appeal is denied; and

4. That this case is dismissed and closed.

---

³ I note, however, that when a person is in the physical custody of one law enforcement authority, a detainer filed by a different law enforcement authority may constitute custody for the purpose of § 2241. For example, in **Braden v. 30th Judicial Circuit Court of Kentucky**, the Supreme Court of the United States noted the expanding definition of the custody requirement of § 2241. 410 U.S. 484, 498 (1973). The expanded definition of custody, the Court held, "enabled a petitioner held in one State to attack a detainer lodged against him by another state." *Id*.

In **Braden**, the applicant, Charles Braden, was in the physical custody of Alabama authorities. A detainer had been lodged against him by Kentucky authorities, based on criminal charges pending against Mr. Braden in Kentucky. In his habeas petition, filed in the United States District Court for the Western District of Kentucky, Mr. Braden sought enforcement of his right to a speedy trial on the Kentucky charges. Addressing the custody requirement of § 2241 in this context, the Court held Mr. Braden was "'in custody' within the meaning of the federal habeas corpus statute, 28 U.S.C. § 2241(c)(3)." **Braden**, 410 U.S. at 488. This view of a detainer as custody readily could apply to the circumstances of this case but, again, this issue need not be resolved in this case.

Dated December 11, 2015, at Denver, Colorado.

                                    **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge